Receipt #064741

ORIGINAL

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
APR 13 2006
U.S. COURT OF FEDERAL CLAIMS

CINDY MICHELS, ET AL.

v.

THE UNITED STATES

COMPLAINT

06-290 C

1. This is an action for damages for a sum within the jurisdictional limits of this Court, for the taking of private property without compensation (28 U.S.C. §1491) in violation of the Fifth Amendment to the U.S. Constitution. The unconstitutional taking was authorized by Public Law: 96-517 (12/12/1980), the Bayh-Dole Act, which directs the Commissioner of Patents to establish a schedule of fees for Patent Office services including application and maintenance fees. The revenues from such fees to be available to carry out the activities of the Patent and Trademark Office. Unless payment of the applicable maintenance fee is received in the U.S. Patent and Trademark Office (USPTO) on or before the date the fee is due, or within the grace period of six months thereafter, the patent will expire as of the end of such grace period.
Thus, although the Patent is issued and effective for 20 years, if a maintenance fee is not paid, the patent expires. The taking is the same as the Government taking under 28 USC 1498.

2. In Zoltec Corporation v. The United States, U.S. Court of Federal Claims, (No. 96-166 C) there is a quote by

Justice Holmes, quoting Mahon, 260 U.S. at 415.

"-while property may be regulated to a certain extent, if regulation goes too far, it will be recognized as a taking". The Supreme Court has repeatedly held that the Constitution requires that the Government provide a remedy for all Fifth Amendment takings (**Kirby Forest Indus. Inc. v. United States, 467 U.S. 1, 5 (1984); Jacobs v. United States, 290 U.S. 13, 16 (1933)).**

3. In Kelo et al. v. City of New London et al. the Supreme Court of the United States upheld the city's proposed disposition of petitioner's property qualifies as a "public use" within the Takings Clause. In the Kelo Case, the property owners were compensated for the "taking" of property. In the instant case, the personal property, in the form of a U.S. Patent, was taken and placed in the public domain without compensation. Rather than placing a lien on the personal property for non-payment of the Maintenance Fee, the Government destroys the property right and places it in the public domain.

4. In American Pelagic Fishing Company, LP v. United States (No. 03-5101) the U.S. Court of Appeals for the Federal Circuit reversed the decision with regard to liability on the basis "that American Pelagic did not suffer the taking of a property interest that is legally cognizable under the Fifth Amendment". The instant claim, in contrast, does involve a property right established by the Constitution.

5. A Patent is a document, issued by the Federal Government,

that grants to its owner a legally enforceable right to exclude others from practicing the invention described and claimed in the document. Congress allows this right for a term ending twenty years from the date of filing of an application for patent, to encourage the public disclosure of technical advance and as an incentive for investing in their commercialization.

6. The USPTO publishes a Notice of Expiration of Patents Due to Failure to Pay Maintenance Fee in the Official Gazette OG Notices: 21 December 2004 (Attachment 1). The Statute, 35 U.S.C. 41 and Regulation, 37 CFR 1.362(g) provide that if the required maintenance fee and any applicable surcharge are not paid in a patent requiring such payment, the patent will expire at the end of the 4th, 8th or 12th anniversary of the grant of the patent depending on the first maintenance fee which was not paid. The first patent on the 25 page list of expired patents is Patent No. 5,157,793, Issued on October 27, 1992, to the Plaintiff, Cindy Michels. A copy of the front page of the patent is attached (Attachment 2). The Maintenance Fees for the 4th and the 8th anniversaries have been paid and a return of the fees is included in the damages claimed.

7. The additional Plaintiffs, Inventors and Patentees (Attachment 3), were issued Patents under 35 U.S. Code, which grant exclusive rights for 17 or 20 years to an Inventor in exchange for publishing the invention to the whole world. On the other hand, the Government takes away this Constitutionally

guaranteed right for non-payment of a Maintenance Fee under P.L. 96-517. The Government does nothing to "maintain" the Patent while taking away valuable "property" without compensation. Congressional interest in facilitating U.S. technological innovation led to the passage of P.L. 96-517, Amendments to the Patent and Trademark Act, while USPTO implementation of the maintenance fees had the opposite effect. Before the Senate passed H.R. 6933, Senator Birch Bayh's unopposed statements suggested that patent holders be personally notified through the mail shortly before their payments are due. In practice, the USPTO notifies the Attorney of Record and not the Patentee. The fees cannot be paid in advance to avoid the possibility of expiration by paying the three fees to avoid any loss of rights.

8. Studies have shown that research funding accounts for approximately one-quarter of the costs associated with bringing a new product to market. Patent ownership is seen as a way to encourage the additional and often substantial investment necessary for generating new goods and services. Plaintiff was in the process of setting up a new manufacturing plant when the lapse was discovered.

9. As a direct and proximate result of the premature expiration of the cited Patents, Plaintiffs have suffered substantial costs and financial losses.

**WHEREFORE**, plaintiff requests judgment against defendant for damages in a sum within the jurisdictional limits of this

court, together with costs of suit, and any further relief as the court deems proper.

Frank A. Lukasik

Frank A. Lukasik
Attorney of Record
USPTO Reg. No. 22,440
Virginia Bar 00124

1609 Golden Ridge Drive
The Villages, FL 32162

DATED: April 6, 2006

# United States Patent and Trademark Office OG Notices: 21 December 2004

Notice of Expiration of Patents
Due to Failure to Pay Maintenance Fee

35 U.S.C. 41 and 37 CFR 1.362(g) provide that if the required maintenance fee and any applicable surcharge are not paid in a patent requiring such payment, the patent will expire at the end of the 4th, 8th or 12th anniversary of the grant of the patent depending on the first maintenance fee which was not paid.

According to the records of the Office, the patents listed below have expired due to failure to pay the required maintenance fee and any applicable surcharge.

PATENTS WHICH EXPIRED ON October 27, 2004
DUE TO FAILURE TO PAY MAINTENANCE FEES

| Patent Number | Application Number | Issue Date |
|---|---|---|
| 5,157,793 | 07/765,895 | 10/27/92 |
| 5,157,812 | 07/722,705 | 10/27/92 |
| 5,157,814 | 07/762,833 | 10/27/92 |
| 5,157,823 | 07/592,523 | 10/27/92 |
| 5,157,825 | 07/557,644 | 10/27/92 |
| 5,157,834 | 07/507,425 | 10/27/92 |
| 5,157,837 | 07/634,437 | 10/27/92 |
| 5,157,839 | 07/715,432 | 10/27/92 |
| 5,157,848 | 07/646,216 | 10/27/92 |
| 5,157,862 | 07/755,538 | 10/27/92 |
| 5,157,877 | 07/841,473 | 10/27/92 |
| 5,157,878 | 07/839,702 | 10/27/92 |
| 5,157,881 | 07/709,171 | 10/27/92 |
| 5,157,884 | 07/689,653 | 10/27/92 |
| 5,157,892 | 07/796,921 | 10/27/92 |
| 5,157,895 | 07/633,221 | 10/27/92 |
| 5,157,901 | 07/663,167 | 10/27/92 |
| 5,157,902 | 07/706,032 | 10/27/92 |
| 5,157,904 | 07/694,922 | 10/27/92 |
| 5,157,913 | 07/839,579 | 10/27/92 |
| 5,157,920 | 07/778,086 | 10/27/92 |
| 5,157,925 | 07/755,656 | 10/27/92 |
| 5,157,927 | 07/673,518 | 10/27/92 |
| 5,157,930 | 07/688,973 | 10/27/92 |
| 5,157,935 | 07/748,158 | 10/27/92 |
| 5,157,939 | 07/458,670 | 10/27/92 |
| 5,157,943 | 07/821,317 | 10/27/92 |
| 5,157,952 | 07/735,263 | 10/27/92 |
| 5,157,955 | 07/659,358 | 10/27/92 |
| 5,157,956 | 07/854,766 | 10/27/92 |
| 5,157,957 | 07/437,623 | 10/27/92 |
| 5,157,961 | 07/721,074 | 10/27/92 |
| 5,157,969 | 07/443,112 | 10/27/92 |
| 5,157,974 | 07/719,802 | 10/27/92 |
| 5,157,976 | 07/741,218 | 10/27/92 |
| 5,157,979 | 07/782,346 | 10/27/92 |
| 5,157,983 | 07/667,205 | 10/27/92 |
| 5,157,984 | 07/612,701 | 10/27/92 |



ATTACH. 1

US005157793A

# United States Patent [19]

Michels

[11] Patent Number: 5,157,793

[45] Date of Patent: Oct. 27, 1992

[54] **ERGONOMICALLY ENGINEERED UNDERWEAR**

[76] Inventor: **Cindy Michels**, 103 Pine View Cir., Altamont Springs, Fla. 32714

[21] Appl. No.: **765,895**

[22] Filed: **Sep. 26, 1991**

[51] **Int. Cl.**[5] .................... **A41B 9/02**

[52] **U.S. Cl.** .................... **2/403**; 2/401

[58] **Field of Search** .................... 2/400, 401, 403, 406

[56] **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2,114,268 | 4/1938 | McDonald | 2/401 |
| 2,534,024 | 12/1950 | Hochbaum | 2/406 |
| 3,019,446 | 2/1962 | Wyss | 2/401 |
| 3,499,442 | 3/1970 | Steinmetz | 2/403 |
| 3,517,666 | 6/1970 | Atlee | 2/403 |
| 4,355,425 | 10/1982 | Jones | 2/403 |
| 4,875,236 | 10/1989 | Boynton | 2/403 |
| 4,972,525 | 11/1990 | Hwang | 2/403 |

FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2215906 | 8/1974 | France | 2/403 |
| 1604558 | 12/1981 | United Kingdom | 2/403 |

*Primary Examiner*—Werner H. Schroeder
*Assistant Examiner*—Diana L. Biefeld
*Attorney, Agent, or Firm*—Frank A. Lukasik

[57] **ABSTRACT**

A man's undergarment ergodynamically designed to have the combined quality and characteristics of a brief and an athletic supporter and which is of scant dimensions and fits snugly about a man's body with leg openings of such size as to provide additional comfort to the wearer. The system comprises four major parts, a waistband, a front panel, a back panel, and a 3-dimensional raised insert stitched in an oval shaped cutout in the front panel to act as a cradle and provide support without crush. Elastic edges are provided on the leg openings. Each of the parts are designed so that when sewn together, they provide a perfect fit for each size.

**6 Claims, 2 Drawing Sheets**




ATTACH. 2

US006334543B1

(12) United States Patent
Abbondandolo

(10) Patent No.: US 6,334,543 B1
(45) Date of Patent: Jan. 1, 2002

# (54) COLLAPSIBLE CONTAINER

(76) Inventor: Robert Abbondandolo, 1921 SE. 1st Ter., Cape Coral, FL (US) 33990

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: 09/626,257

(22) Filed: Jul. 26, 2000

**Related U.S. Application Data**

(60) Provisional application No. 60/145,992, filed on Jul. 29, 1999.

(51) Int. Cl.$^{7}$ .............................................. B65D 37/00

(52) U.S. Cl. ...................... 220/666; 215/382; 215/900; 224/42.13

(58) Field of Search .......................... 220/666; 215/382, 215/900; 224/314, 42.24, 42.13; 220/254, 601; 141/114

(56) **References Cited**

U.S. PATENT DOCUMENTS

3,083,877 A * 4/1963 Gash ...................... 215/900 X
4,873,100 A * 10/1989 Dirksing et al. ........ 215/382 X
5,447,110 A * 9/1995 Brown .................. 220/666 X
5,862,940 A * 1/1999 Chism et al. .............. 320/666
5,941,432 A * 8/1999 Spencer .................. 224/42.13
6,047,848 A * 4/2000 Davis ........................ 220/666

* cited by examiner

*Primary Examiner*—Steven Pollard

(57) **ABSTRACT**

The instant invention is a foldable plastic container consisting of accordion type pleats, a top having a circular depression for filling/emptying the container, a folding handle fastened to the top, and a telescoping nozzle which may be nested and contained in the cover or expanded for pouring a liquid.

**3 Claims, 3 Drawing Sheets**




ATTACH. 3

US006227407B1

(12) United States Patent
Simeri et al.

(10) Patent No.: US 6,227,407 B1
(45) Date of Patent: May 8, 2001

(54) SMALL ARTICLE VENDING SYSTEM

(76) Inventors: Patrick J. Simeri, 10902 Ashland Way, Avondale, AZ (US) 85323; John Carl Walden, 2601 50th Ln., Phoenix, AZ (US) 85035

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: 09/215,361

(22) Filed: Dec. 18, 1998

(51) Int. Cl.[7] ............................ A24F 15/04; G07F 11/16

(52) U.S. Cl. .......................... 221/254; 221/192; 221/195; 221/196

(58) Field of Search .................................... 221/254, 281, 221/192, 195, 196, 197

(56) References Cited

U.S. PATENT DOCUMENTS

774,615 * 11/1904 Tarner ................................. 221/196
888,443 * 5/1908 Kent ................................ 221/196 X
1,996,472 * 4/1935 Hermann ......................... 221/192 X
5,318,200 * 6/1994 Allen et al. ...................... 221/254 X

* cited by examiner

*Primary Examiner*—Christopher P. Ellis
*Assistant Examiner*—Patrick Mackey
(74) *Attorney, Agent, or Firm*—Frank A. Lukasik

(57) ABSTRACT

A system for dispensing articles such as candy, lollipops, or other oddly shaped objects is provided. A helix, turned by an electric motor or the purchaser of the article, delivers a single unit from a loading area to one basket in a chain of baskets. The baskets are mounted on a belt that is part of a chute assembly, carried to the top of the chute, and rotated to dump the article onto a dispensing shelf from where gravity delivers it to the purchaser. By introduction of a coin, the lollipop machine will start, and, by way of the belt mechanism a product is carried up and over the top of the chute.

5 Claims, 6 Drawing Sheets



US005791594A

# United States Patent [19]

Hill

[11] Patent Number: 5,791,594

[45] Date of Patent: Aug. 11, 1998

[54] **HELICOPTER CONVERSION**

[76] Inventor: **Jamie R. Hill**, 1325 SE. Fourth St., Cape Coral, Fla. 33904

[21] Appl. No.: **664,818**

[22] Filed: **Jun. 17, 1996**

[51] Int. Cl.[6] .......................... **B64D 27/00**; B64D 35/08; F01K 21/04; F02B 73/00

[52] U.S. Cl. ....................... **244/17.19**; 244/53 R; 244/55; 244/58; 244/60; 60/698; 60/716; 60/720

[58] **Field of Search** ............................... 244/17.13, 12.5, 244/17.11, 17.19, 53 R, 54, 55, 58, 60; 60/698, 700, 711, 716, 720

[56] **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1,957,277 | 5/1934 | Leray | 244/55 |
| 3,002,710 | 10/1961 | Marchetti et al. | 244/60 |
| 3,255,825 | 6/1966 | Mouille et al. | 170/135 |
| 3,744,743 | 7/1973 | Nay et al. | 244/6 |
| 4,171,112 | 10/1979 | Harvey | 244/12.5 |
| 4,177,693 | 12/1979 | Ivanko et al. | 74/661 |
| 4,489,625 | 12/1984 | White | 74/665 |
| 4,811,627 | 3/1989 | Mouille | 74/665 |
| 4,831,567 | 5/1989 | Lea | 244/17.13 |
| 4,858,490 | 8/1989 | Grant | 74/661 |
| 4,969,614 | 11/1990 | Capuani | 244/12.5 |
| 5,312,069 | 5/1994 | Bollinger | 244/12.3 |

*Primary Examiner*—Virna Lissi Mojica
*Attorney, Agent, or Firm*—Frank A. Lukasik

[57] **ABSTRACT**

A special purpose helicopter based on an existing airframe, power train, and engine, modified to provide greatly enhanced performance, payload, speed and maneuverability. The modification consists of modifying an original helicopter universal transmission center case for installation of twin drive shafts, at 180° apart, and mounting a second engine on the airframe structure, at 180° to the first engine, and forward of the transmission. An exhaust system for the second engine is split into two units for directing the exhaust outwardly and upwardly.

**3 Claims, 10 Drawing Sheets**




fees
:six
pon
ate-
ible
fee
d of

US005359738A

# United States Patent [19]

Kurtz

[11] Patent Number: 5,359,738

[45] Date of Patent: Nov. 1, 1994

[54] TOILET TISSUE WETTING DEVICE

[76] Inventor: John G. Kurtz, 102 Hoffman Rd., Rochester, N.Y. 14622

[21] Appl. No.: 232,660

[22] Filed: Apr. 25, 1994

[51] Int. Cl.[5] ............ A47K 17/00

[52] U.S. Cl. ............ 4/661

[58] Field of Search ............ 4/300.1, 661

[56] References Cited

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,045,248 | 7/1962 | Gentry | 4/7 |
| 3,083,374 | 4/1963 | Watlington | 4/300.1 X |
| 3,195,148 | 7/1965 | Merkell, Jr. | 4/7 |
| 4,451,943 | 6/1984 | Nibler | 4/300.1 X |
| 4,596,058 | 6/1986 | Nourbakhsh | 4/448 |
| 5,090,067 | 2/1992 | Cogdill | 4/420 |
| 5,101,520 | 4/1992 | Lockhart | 4/447 |
| 5,142,711 | 9/1992 | Parikh | 4/420.4 |

*Primary Examiner*—Charles E. Phillips
*Attorney, Agent, or Firm*—Frank A. Lukasik

[57] ABSTRACT

A device for wetting toilet tissue comprising a small, enclosed reservoir fitted with air vents, a finger actuated valve lever, an inlet and outlet orifice and a water flow controlling valve. The device attaches to a bracket that is secured at the other end to the upper toilet bowl flange by one of the toilet seat mounting screws and nuts, positioning the device under the water closet tank and protruding slightly forward. The water is supplied via a small plastic flexible tubing connected to a tubular "T" that is installed between the water closet overflow pipe and the orifice nozzle that is part of the water closet filling ballcock valve. Water flows into the small capacity reservoir whenever the toilet is flushed. To minimize having cold water replacing the ambient-air warmed water in the reservoir, a float actuating lever closes the input orifice when the reservoir is full. A venting orifice allows the release of air being displaced by the inflowing water. This vent is also connected by a parallel flexible tubing that leads back to the toilet water closet tank.

3 Claims, 7 Drawing Sheets



EDISON INVENTORS ASSOCIATION



PATENT ABSTRACT.

NEW INVENTIONS AVAILABLE
FOR LICENSING OR MARKETING

Edward J. Brenner Chapter
1601 West Marion Avenue·#203·Punta Gorda, FL 33950
(813) 637-5989

**United States Patent** [19] Septer

[11] Patent Number: 5,343,813

[45] Date of Patent: Sep. 6, 1994

[54] **COIL TRANSPORTER**

[76] Inventor: Donald R. Septer, 18158 Bracken Cir., Port Charlotte, Fla. 33948

[21] Appl. No.: 89,244

[22] Filed: Jul. 12, 1993

**Related U.S. Application Data**

[63] Continuation-in-part of Ser. No. 904,949, Jun. 26, 1992, abandoned.

[51] Int. Cl.[5] .......... B60P 3/00

[52] U.S. Cl. .......... 105/355; 410/47

[58] Field of Search .......... 410/47, 48, 49, 50, 410/44; 105/355, 413, 422

[56] **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 487,765 | 12/1892 | Ormerod | 410/49 |
| 2,622,918 | 12/1952 | Staffe | 296/28 |
| 2,810,602 | 10/1957 | Abrams | 296/25 |
| 2,971,795 | 2/1961 | Winski | 296/28 |
| 3,376,062 | 4/1968 | Chosy et al. | 296/28 |
| 3,581,674 | 6/1971 | O'Leary | 105/367 |
| 3,715,993 | 2/1973 | Orlik | 410/49 |
| 3,740,073 | 6/1973 | Schwiebert | 410/47 |
| 4,451,188 | 5/1984 | Smith et al. | 410/42 |
| 5,048,885 | 9/1991 | Bomar | 410/49 |
| 5,170,717 | 12/1992 | Richmond et al. | 410/49 |

FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3303323 | 6/1984 | Fed. Rep. of Germany | 410/50 |
| 2052416 | 1/1981 | United Kingdom | 410/49 |

*Primary Examiner*—Mark T. Le
*Attorney, Agent, or Firm*—Frank A. Lukasik

[57] **ABSTRACT**

The present invention is an improved load carrying trailer designed to carry long, metal coils or cylindrical objects transversely or longitudinally of said trailer and various shaped articles in a conventional manner and comprises inner and outer channel beams having a "V" shaped notch intermediate the front and back ends, steel plates fastened across the top sides of said channels at the front and back ends to form a trailer bed and at opposite sides of said notch for seating the coiled load, steel bars fastened across the top sides of the channels, fore and aft of said notches, cross bar members fastened to the open ends of the "V" formed by the channels, and straps for locking the coil in position. A second embodiment carries the coil longitudinally.

**3 Claims, 6 Drawing Sheets**






US005358263A

# United States Patent [19]

Aldus et al.

[11] Patent Number: 5,358,263

[45] Date of Patent: Oct. 25, 1994

[54] **TRAVEL-AIR CHAIR**

[76] Inventors: **Richard E. Aldus; Anita L. Aldus,** both of 407 Valletta Ct., Punta Gorda, Fla. 33950

[21] Appl. No.: **54,169**

[22] Filed: **Apr. 30, 1993**

[51] **Int. Cl.**[5] .............................................. **B62B 3/02**

[52] **U.S. Cl.** ...................................... **280/42;** 280/647; 280/650; 280/657; 297/42; 297/45

[58] **Field of Search** ................... 280/39, 42, 647, 649, 280/657, 650; 297/42, 45, 51, 107, DIG. 4

[56] **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,840,390 | 6/1989 | Lockard et al. | 280/42 |
| 4,861,056 | 8/1989 | Duffy, Jr. et al. | 280/42 |
| 5,112,069 | 5/1992 | Aldus et al. | 280/42 |

*Primary Examiner*—Richard M. Camby

*Attorney, Agent, or Firm*—Frank A. Lukasik

[57] **ABSTRACT**

The invention is an improved wheel chair made essentially of metal or plastic pipe, and is capable of being folded into a compact size which may be conveniently stored in the hanging wardrobe or overhead storage of an aircraft. The chair comprises a removable cane handle supported back rest, removable foot rest and rear extension bar and a fabric seat looped over and fastened to and between a pair of seat bars affixed to a pair of intersecting braces connected together by a longitudinal bolt. The intersecting braces each have a sleeve affixed at the bottom end which fit on and rotate on pivot means affixed to the bottom of the side frames. The intersecting braces are pivotally connected to the seat bars for retaining the side frames in spaced relationship during folding and unfolding.

**3 Claims, 5 Drawing Sheets**



US005335460A

# United States Patent [19]

Smith, Jr.

[11] Patent Number: 5,335,460

[45] Date of Patent: Aug. 9, 1994

[54] TILT TO CLEAN GUTTER SYSTEM

[76] Inventor: **Joseph H. Smith, Jr.**, 31 Broadmoor La., Rotunda West, Fla. 33947

[21] Appl. No.: **57,634**

[22] Filed: **May 7, 1993**

**Related U.S. Application Data**

[63] Continuation-in-part of Ser. No. 874,415, Apr. 27, 1992, abandoned.

[51] **Int. Cl.**[5] .................... **E04D 13/06**

[52] **U.S. Cl.** .................... **52/11**; 16/233; 16/387; 16/389; 248/48.2

[58] **Field of Search** .................... 248/48.1, 48.2; 52/11, 52/12, 15, 16, 95; 16/226, 387, 388, 389, 390, 391, 392, DIG. 29; 134/33

[56] **References Cited**

U.S. PATENT DOCUMENTS

2,624,067 1/1953 Tassell .................... 16/DIG. 29
4,061,151 12/1977 Ward .................... 52/11
4,117,635 10/1978 Nelson .................... 52/11
4,745,657 5/1988 Faye .................... 16/226

FOREIGN PATENT DOCUMENTS

330852 6/1930 United Kingdom .................... 16/DIG. 29

OTHER PUBLICATIONS

The Woodworkers' Store Catalog: 1990–1991 p. 14.

*Primary Examiner*—Michael Safavi
*Attorney, Agent, or Firm*—Frank A. Lukasik

[57] **ABSTRACT**

A hinged hanger system for pivotably attaching a rain gutter to the fascia of a building beneath the edge of a roof comprising a plurality of hinged hangers for mounting and supporting the rain gutter in a tiltable position, the hangers consisting of an "L" shaped bracket and a hinge section nestled within horizontal supports and pivotably hinged to the horizontal supports, and a pulley system with lines attached to the rain gutter for tilting the gutter to a dumping position and resetting the gutter to a receiving position.

**1 Claim, 8 Drawing Sheets**



US005309139A

# United States Patent [19]

[11] Patent Number: 5,309,139

[45] Date of Patent: May 3, 1994

Austin

[54] VEHICLE MONITORING SYSTEM

[76] Inventor: Charles W. Austin, 751 Quail Dr., Punta Gorda, Fla. 33982

[21] Appl. No.: 908,342

[22] Filed: Jul. 6, 1992

**Related U.S. Application Data**

[63] Continuation of Ser. No. 562,334, Aug. 3, 1990, abandoned.

[51] Int. Cl.[5] ..................... B60Q 9/00

[52] U.S. Cl. ..................... 340/462; 340/438; 340/439; 340/441; 340/459; 340/461; 364/424.04

[58] Field of Search ............... 340/438, 439, 441, 459, 340/461, 462; 364/424.04, 431.03

[56] **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,611,193 | 9/1986 | Bruggemann | 340/461 |
| 4,623,870 | 11/1986 | Irimajiri et al. | 340/461 |
| 4,636,782 | 1/1987 | Nakamura et al. | 340/461 |
| 4,647,901 | 3/1987 | Teshima et al. | 340/461 |
| 4,888,577 | 12/1989 | Dunkley et al. | 340/462 |
| 5,006,829 | 4/1991 | Miyamoto et al. | 340/459 |
| 5,017,916 | 5/1991 | Londt et al. | 340/439 |

FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 58-123425 | 7/1983 | Japan | 340/461 |
| 59-196927 | 11/1984 | Japan | 340/439 |

*Primary Examiner*—John K. Peng
*Assistant Examiner*—Edward Lefkowitz
*Attorney, Agent, or Firm*—Frank A. Lukasik

[57] **ABSTRACT**

The invention is a novel system for monitoring a plurality of functions and conditions of a vehicle and providing a graphic presentation and recordation of torque and horsepower as well as other factors contributing to or depreciating a vehicle's performance as well as concurrently displaying manufacturers established parameters for on-board, live comparison of actual performance with expected design performance. Externally visible components of a display panel includes a group of separate analog and digital signal visual display means for indicating the approximate value of the operating parameters. All information is reported live and updated by the on-board computer. When the vehicle's accelerator is fully opened, a switch is engaged, and if other necessary conditions are met, the torque corresponding to the RPM is plotted concurrently with the manufacturers established parameters and remains graphically presented on the screen until cleared.

**2 Claims, 17 Drawing Sheets**



US005375534A

# United States Patent [19]

Adams

[11] Patent Number: 5,375,534

[45] Date of Patent: Dec. 27, 1994

[54] **INTERMEDIATE DECK STRUCTURE FOR VEHICLES**

[76] Inventor: **Thomas F. Adams**, 3961 E. River Dr., Fort Myers, Fla. 33916

[21] Appl. No.: **66,488**

[22] Filed: **May 24, 1993**

[51] **Int. Cl.**[5] ........................ **B60P 7/06**; B62D 33/04

[52] **U.S. Cl.** .................................... **105/372**; 105/375; 410/89; 211/1.3

[58] **Field of Search** ..................... 410/18, 89, 93, 127, 410/129, 130, 132, 135, 138, 139, 141; 52/36.4, 69, 71; 108/44, 86; 211/1.3, 149; 105/370, 371, 372, 375

[56] **References Cited**

U.S. PATENT DOCUMENTS


| | | | |
|---|---|---|---|
| 656,462 | 8/1900 | Kirby | 105/375 |
| 3,352,595 | 11/1967 | Bezlaj | 410/132 X |
| 3,680,491 | 8/1972 | Chapman et al. | 410/89 |
| 3,875,871 | 4/1975 | Thornton et al. | 105/375 |
| 3,897,971 | 8/1975 | Evans | 105/372 X |
| 3,911,832 | 10/1975 | Vandergriff | 105/372 |
| 4,191,109 | 3/1980 | Wickenberg | 410/135 X |
| 4,995,322 | 2/1991 | Frederick | 108/44 |

FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 0005960 | 12/1979 | European Pat. Off. | 410/129 |
| 676921 | 12/1929 | France | 211/1.3 |

OTHER PUBLICATIONS

Deck II, Captive Double Decking System Literature (2 pages), date unknown.


*Primary Examiner*—Michael S. Huppert
*Assistant Examiner*—Stephen Gordon
*Attorney, Agent, or Firm*—Robert G. Mentag

[57] **ABSTRACT**

A deck structure for use in supporting cargo at an intermediate level above the floor or bed of a trailer van, or the like. A first embodiment includes a first deck section pivotally mounted on a side wall of a trailer van and movable to a horizontal load position, and back up to a vertical stored position against the side wall where it is releasably held by a spring slam bolt engaged with a height saving angle locking rail. In the first embodiment a second section of the deck is pivotally connected to the first section and it is also movable between a horizontal load position and a vertical stored position against the side wall, and when it is in the vertical stored position it is hanging from the first section and is configured such that it nests closely in the first deck section to provide a slender storing intermediate deck structure. When the first and second deck sections are in a horizontal load position, the second section has an outer end which is selectively provided with either a spring biased, telescopically mounted load bracket, or a cap style load bracket, that is operatively seated on a load track rail on the trailer van wall opposite to the wall on which the first deck section is hinged. Two intermediate decks may be mounted in vertically spaced apart positions, at two different levels, above the floor of a trailer van.

**17 Claims, 5 Drawing Sheets**



US005388709A

# United States Patent [19]

Adams

[11] Patent Number: 5,388,709

[45] Date of Patent: Feb. 14, 1995

[54] GARDEN EQUIPMENT SUPPORT RACK

[76] Inventor: Thomas F. Adams, 3961 E. River Dr., Fort Myers, Fla. 33916

[21] Appl. No.: 176,095

[22] Filed: Dec. 30, 1993

[51] Int. Cl.[6] ........ A47F 5/00

[52] U.S. Cl. ........ 211/70.6; 211/106; 211/66; 248/218.4; 248/220.4

[58] Field of Search ........ 211/59.1, 70.6, 87, 211/106, 107, 65, 66; 248/218.4, 219.1, 219.4, 220.2, 220.4

[56] References Cited

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1,714,201 | 5/1929 | West | 211/106 |
| 3,153,526 | 10/1964 | Pawsey | 248/219.1 |
| 3,721,348 | 3/1973 | Cook | 211/70.6 |
| 3,817,394 | 6/1974 | Saiki | 248/218.4 X |
| 4,015,809 | 4/1977 | Buril | 248/218.4 X |
| 4,093,168 | 6/1978 | Buril | 248/218.4 X |
| 4,167,255 | 9/1979 | Benson | 248/218.4 X |
| 4,318,486 | 3/1982 | Bobrowski | 211/87 |
| 4,467,925 | 8/1984 | Ratzloff et al. | 211/60 |
| 4,723,663 | 2/1988 | Learn | 248/220.4 X |
| 4,742,923 | 5/1988 | Calvert | 248/220.4 X |
| 5,143,228 | 9/1992 | Arnold | 211/70.6 |

*Primary Examiner*—Robert W. Gibson, Jr.
*Attorney, Agent, or Firm*—Robert G. Mentag

[57] ABSTRACT

A garden equipment support rack for mounting on an upright post having a front face and two side surfaces, such as a building wall stud, and on upright posts on movable structures, such as on landscape trucks. The support rack includes at least one elongated hook member having an inner end structure joined to a mounting structure for positioning the hook member on an upright post. The mounting structure is provided with positioning arms for seating against at least one side of an upright post, and attachment screws are employed for fixedly securing the mounting structures to the upright post. The mounting structure may carry a pair of spaced apart hook members, which may be adjustably mounted, for sideward adjustment, on the mounting structure, or which may be mounted in spaced apart fixed positions on the mounting structure.

9 Claims, 2 Drawing Sheets




