IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CINDY MICHELS, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 06-290C |
| | ) (Judge G.W. Miller) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the Court to dismiss plaintiffs' complaint for failure to state a claim upon which relief may be granted. Plaintiffs' claim that the expiration of their patents for failure to pay fees required by statute to maintain their patents in force is a Government taking should be dismissed in accordance with prior decisions of the United States Court of Appeals for the Federal Circuit, this Court, and other courts. In support of this motion, we reply upon plaintiffs' pleadings and the following memorandum.

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

## QUESTION PRESENTED

Whether the expiration of plaintiffs'[1] patents for failure to pay fees required by statute to maintain in force their patents is a Government taking in violation of the Fifth Amendment of the United States Constitution.

[1] Although it appears from paragraph numbered "7" of the complaint that plaintiff, Cindy Michels, intended that other individuals would join her as plaintiffs, no other plaintiffs are listed in the complaint as required by Rule 10(a) of the RCFC. For purposes of this motion only, we assume that the following individuals named in the complaint's attachments are plaintiffs represented by plaintiff's counsel, and move to dismiss their claims: Robert Abbondandolo; Patrick J. Simeri and John C. Walden; Jamie R. Hill; John G. Kurtz; Donald R. Septer; Richard E. Aldus and Anita L. Aldus; Joseph H. Smith, Jr.; Charles W. Austin; and Thomas F. Adams.

## STATEMENT OF THE CASE

### 1. Nature Of The Case

On April 12, 2006, plaintiffs Cindy Michels, *et al.,* filed a complaint in this case ("Compl.") "for the taking of private property without compensation (28 U.S.C. § 1491) in violation of the Fifth Amendment to the U.S. Constitution." Compl. ¶ 1. Plaintiffs allege that Congress enacted legislation prescribing fees to maintain a patent and that, "if a maintenance fee is not paid, the patent expires. The taking is the same as the Government taking under 28 USC 1498." *Id.*

### 2. Statement Of Facts

1. Congress has enacted certain statutory fees that must be paid to the United States Patent and Trademark Office ("USPTO") in order to apply for a patent. *See* 35 U.S.C. § 41(a).

2. If the patent application is allowed, an issue fee must be paid in order for a patent to be issued. *Id.* at § 41(a)(2)-(4).

3. Congress also requires that a patentee must pay maintenance fees at certain time periods in order to maintain an issued patent in force:

> (b) The Director shall charge the following fees for maintaining in force all patents based on applications filed on or after December 12, 1980:
>
> (1) 3 years and 6 months after grant, $830.
>
> (2) 7 years and 6 months after grant, $1,900.
>
> (3) 11 years and 6 months after grant, $2,910.

*Id.* at § 41(b). *See also* Compl. ¶ 1.

4. Congress provided that unless maintenance fees are paid, a patent will expire:

> Unless payment of the applicable maintenance fee is received in the Patent and Trademark Office on or before the date the fee is due or within a grace period of 6 months thereafter, the patent will expire as of the end of such grace period. * * *

*Id.* at § 41(b). *See also* Compl. ¶ 1.

5. Plaintiff Cindy Michels and eleven other persons ("plaintiffs") allege that they had patents that expired because they failed to pay the statutorily required maintenance fees. *See* Compl. ¶¶ 1, 6 & 7.

6. Plaintiffs allege that the expiration of their patents following failure to pay the maintenance fee is a Government taking of their "property" without compensation. Compl. ¶ 3.

## ARGUMENT

### I. STANDARD OF REVIEW

"This Court will grant a RCFC 12(b)(6) motion only if plaintiff has failed to allege facts sufficient to support his claim." *Figueroa v. United States*, 57 Fed. Cl. 488, 497 (2003) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Mostowy v. United States*, 966 F.2d 668, 672 (Fed. Cir. 1992)), *appeal pending on other grounds*, No. 05-5144 (Fed. Cir. docketed Jul. 12, 2005). For purposes of ruling upon a Rule 12(b)(6) motion, the Court accepts as true the complaint's undisputed factual allegations and should construe them in a light most favorable to plaintiff. *Figueroa,* 57 Fed. Cl. at 497. However, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss," and "legal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness." *Id.*

## II. PLAINTIFFS' COMPLAINT THAT THEIR PATENTS EXPIRED BECAUSE THEY FAILED TO PAY MAINTENANCE FEES FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### A. The Takings Clause Does Not Apply To Legislation Requiring The Payment Of Money

Plaintiffs do not and cannot dispute that Congress enacted laws requiring that maintenance fees be paid in order to maintain a patent in force. Indeed, plaintiffs cite to Congress' enactment of maintenance fee legislation as the authorization for the alleged taking. *See* Compl. ¶ 1. In essence, plaintiffs complain that, under the Fifth Amendment, they are due compensation for the taking of their "property" when their patents expired because they did not comply with Congress' requirement to pay maintenance fees to maintain their patents in force. *See* Compl. ¶¶ 1 & 3. However, the Fifth Amendment provides no support for plaintiffs' claims because, as the Federal Circuit has held, "the Takings Clause does not apply to legislation requiring the payment of money." *Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1329 (Fed. Cir. 2001), *cert. denied*, 535 U.S. 1096 (2002); *see generally Longshore v. United States*, 77 F.3d 440, 442-43 (Fed. Cir.), *cert. denied*, 519 U.S 808 (1996) (license application fees paid in excess of alleged cost of agency's processing are not a taking).

### B. Plaintiffs Had No Property To Be Taken Independent Of The Fee Condition That They Failed To Meet And Thus Failed To State A Claim Upon Which Relief May Be Granted

Even assuming, for the sake of argument only, that, contrary to law, plaintiffs could maintain a taking claim based upon legislation requiring the payment of money, plaintiffs had no "property" that was taken. The patent privilege does not exist independent of the payment of the fees upon which Congress conditioned the privilege.

Congress may impose conditions upon the patent privilege, including the requirement that fees be paid. To illustrate, the court of appeals in *Boyden v. Commiss'r of Patents*, 441 F.2d 1041, 1043-44 (D.C. Cir.), *cert. denied*, 404 U.S. 842 (1971), in sustaining the patent fee requirement against a Fourteenth Amendment equal protection challenge, held that:

> No person has a vested right to a patent . . . but is privileged to seek . . . [patent protection] only upon compliance with the conditions which Congress has imposed. That rule applies to the payment of fees required for the administration of the patent laws just as it demands compliance with other conditions, statutorily imposed. Certainly the powers of Congress in the patent law field are plenary for they stem directly from the Constitution.

*Accord Giuliani v. United States*, 1988 WL 97455, 8 U.S.P.Q. 2d 1095 (D. Haw. 1988), *aff'd*, 878 F.2d 1444 (Fed. Cir. 1989) (Table) (*Giuliani I*).

Further, it has been held that loss of a patent because of nonpayment of patent fees does not support a Fifth Amendment taking claim. In *Giuliani v. United States*, No. 99-00771, slip op.[2] (D. Haw. 2000), *aff'd*, 6 Fed. Appx. 863, 2001 WL 253395 (Fed. Cir. 2001), *cert. denied*, 537 U.S. 882 (2002) (*Giuliani II*), plaintiff had challenged the constitutionality of patent fee requirements and alleged that property was taken without just compensation when the PTO determined plaintiff's application to be abandoned for failure to pay the issue fee. The district court held that "[n]o person has a vested right to a patent," *citing McClurg v. Kingsland*, 42 U.S. (1 How.) 202, 206 (1843); *Boyden*, 441 F.2d at 1043-44, and *Giuliani I*, and that:

> Congress does not effect a taking where, pursuant to its plenary power, it imposes conditions on the vesting of an inchoate patent right.

[2] A copy of the order issuing the *Giuliani II* decision is attached.

Slip op. at 4-5. The United States Court of Appeals for the Federal Circuit summarily affirmed *Giuliani II.* 6 Fed. Appx. 863, 2001 WL 253395 (Fed. Cir. 2001).

Although *Giuliani II* involved the fee condition upon issuance of a patent, the same reasoning applies to the maintenance fee condition. Indeed, this Court has applied the same reasoning to reject a taking claim that complained – as the plaintiffs here complain – about Congress' fee condition upon the maintenance in force of an issued patent. *See Figueroa v. United States*, 57 Fed. Cl. 488, 502-05 (2003). In *Figueroa*, this Court rejected a takings claim by plaintiffs that had concerned maintenance fees:

> As a condition of granting the patent privilege for the full twenty-year term, plaintiff is required periodically to pay maintenance fees. [citation omitted] *If these maintenance fees are not paid, it is not that plaintiff's personal property is taken away,* or for that matter taxed, *but rather the conditions of the privilege are no longer satisfied.* [57 Fed. Cl. at 502]
>
> * * *
>
> the principle that plaintiff does not have an independent property interest apart from satisfying all conditions imposed by Congress is equally applicable to plaintiff's taking claim. . . . the mere imposition of an obligation to pay money . . . does not give rise to a claim under the Takings Clause of the Fifth Amendment [citations omitted] . . . . As the case law makes clear, takings law offers plaintiff no reprieve. *Longshore*, 77 F.3d at 443-45 (holding that the payment of fees as a prerequisite to participating in a lottery for a radio cellular systems license was not a taking).

57 Fed. Cl. at 502-03 (emphasis added). This Court's decision in *Figueroa* is squarely on point and establishes that plaintiffs' claims should be dismissed.[3]

---

[3] In *Figueroa*, this Court also dismissed plaintiffs' claim that Congress' increases, diversion and rescission of patent fees amount to an unconstitutional direct tax. 57 Fed. Cl. at 502-03. In a subsequent decision, *Figueroa v. United States*, 66 Fed. Cl. 139 (2005) (*"Figueroa II"*), this Court granted our cross-motion for summary judgment, denying the

This Court's decision in *Figueroa* has been cited and followed by the district court for the Southern District of New York, in dismissing a claim that, like the claim of plaintiffs here, alleged "that the expiration of the Patent for failure to pay maintenance fees constitutes a . . . taking in violation of the Takings Clause." *Korsinsky v. Godici*, 2005 WL 2312886, at *5-*6 (S.D.N.Y. 2005). The court there held that:

> A plaintiff's "property interest in a patent accrues only after it has satisfied all mandatory conditions." *Figueroa v. United States*, 57 Fed. Cl. 488, 502 (2003). If a patent expires because a maintenance fee is not paid, "it is not that plaintiff's personal property is taken away . . . but rather the conditions of the privilege are no longer satisfied. *Id.* at 502-03. Thus, a plaintiff has no independent property interest apart from satisfying all conditions imposed by Congress." *Id.* at 503.
>
> [Plaintiff] therefore does not retain a property interest in the Patent, because he failed to comply with the mandatory conditions for the Patent's existence. Accordingly, the expiration of the Patent cannot constitute an unlawful taking, and [plaintiff's] claims based on the Takings Clause are dismissed.

*Korsinsky*, 2005 WL 2312886, at *5-*6. In sum, plaintiffs' claims are without merit and should be dismissed.[4] *See Giulani II*; *Figueroa*, and *Korsinsky*.

---

plaintiffs' remaining claim alleging an illegal exaction. Although there is an appeal pending in which the *Figueroa* plaintiffs seek review of the direct tax and illegal exaction decisions, *see Figueroa v. United States*, No. 05-5144 (Fed. Cir.), the appellants did not contest the dismissal of their Fifth Amendment taking claim in *Figueroa*, 57 Fed. Cl. at 505. *Figueroa* is thus final with respect to its denial of plaintiffs' Fifth Amendment taking claims.

[4] Plaintiffs complaint also includes a vague assertion that a Senator's:

> unopposed statements suggested that patent holders be personally notified through the mail shortly before their payments are due. In practice, the USPTO notifies the Attorney of Record and not the Patentee. The fees cannot be paid in advance to avoid the possibility of expiration by paying the three fees to avoid any loss of rights.

**CONCLUSION**

For the foregoing reasons, we respectfully submit that plaintiffs' complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

---

Compl. ¶ 7. Such statements in the complaint are irrelevant. As a constitutional matter, patentees are not entitled to any notice beyond publication of the statute. *See Rydeen v. Quick*, 748 F. Supp. 900, 906 (D.D.C. 1990) (*citing Texaco v. Short*, 454 U.S. 516, 536 (1982), *aff'd* 937 F.2d 623 (Fed. Cir. 1991), *cert. denied*, 502 U.S. 1075 (1992)). Moreover, plaintiffs appear to admit that their representative is aware of maintenance fee requirements, Compl. ¶ 7, and plaintiff Michels' actual notice is evidenced by payments, *see* Compl. ¶ 6. Although the PTO is authorized to accept late payment of maintenance fees if the delayed payment is "unintentional" or "unavoidable," *see* 35 U.S.C. § 41(c)(1), plaintiffs do not allege having initiated, let alone finally exhausted, revival procedures. In any event, this Court does not have jurisdiction to entertain what would amount to an Administrative Procedures Act suit. *See Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997); *Lawrence v. United States*, 69 Fed. Cl. 550, 554 (2006). Accordingly, any complaint intended as to PTO notice procedures should be dismissed pursuant to RCFC Rule 12(b)(1) for lack of subject matter jurisdiction.

/s/ Brian A. Mizoguchi
BRIAN A. MIZOGUCHI
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit 8th Fl.
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0282
Fax: (202) 514-8624

Of Counsel:
WILLIAM LaMARCA
JANET GONGOLA
Associate Solicitors
United States Patent
and Trademark Office
Arlington, Virginia 22215

June 12, 2006

Attorneys for Defendant

# ATTACHMENT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT L. GIULIANI, Plaintiff, v. UNITED STATES OF AMERICA; Q. TODD DICKINSON, Commissioner of Patents and Trademarks, Defendants. | CIVIL NO. 99-00771SPK-BMK |

FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII

FEB 28 2000

at 3 o'clock and 55 min. P M

WALTER A. Y. H. CHINN, CLERK

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION TO DISMISS

I. INTRODUCTION

Plaintiff Robert L. Giuliani ("Plaintiff") challenges the constitutionality of patent filing fees, issue fees, and maintenance fees charged by the U.S. Patent and Trademark Office ("PTO"). Plaintiff asserts that the challenged fees violate Article I, Section 8, Clause 8 of the United States Constitution, the Ninth Amendment, and the Fifth Amendment's proscription against governmental taking of property without just compensation. Plaintiff moves for summary judgment. In response, Defendants United States of America and Q. Todd Dickinson, Commissioner of Patents and Trademarks (collectively "Defendants") move to dismiss the complaint or, in the alternative, for summary judgment.

## II. BACKGROUND

Plaintiff is an inventor and the holder of six patents issued by the PTO. On April 12, 1988, Plaintiff filed a suit against the United States in the district court of Hawaii challenging the constitutionality of the statutes and regulations requiring payment of patent fees. Judge Alan C. Kay dismissed the case, holding that Congress had plenary power to legislate on the subject of patents and that it may, pursuant to its power, put limitations on the right to a patent. Giuliani v. United States, No. 88-00287 ACK, 8 U.S.P.Q.2d 1095 (July 20, 1988) ("Giuliani I"). Plaintiff appealed to the Court of Appeals for the Ninth Circuit, which transferred the appeal to the Court of Appeals for the Federal Circuit. The Federal Circuit affirmed.

On July 29, 1996, Plaintiff filed a patent application with the PTO. In connection with the application, the PTO mailed him a Notice of Allowance and Issue Fee Due. Because Plaintiff did not pay the issue fee, the PTO mailed him a Notice of Abandonment. Plaintiff filed the present suit against Defendants on November 8, 1999 ("Giuliani II"). The complaint challenges the constitutionality of the statutes and regulations imposing patent fees on three grounds: (1) Congress violated Article I, Section 8, Clause 8 of the Constitution (the "Inventions Clause") by conditioning the "securing" of an inventor's exclusive right

to her invention on the payment of money; (2) Congress' interpretation of its power under the Inventions Clause infringes on the rights of an inventor under the Ninth Amendment; (3) the patent fees constitute an unlawful taking in violation of the Fifth Amendment.

Plaintiff has moved for summary judgment on all counts. Defendants have responded with a motion to dismiss or, in the alternative, for summary judgment.

## III. DISCUSSION

### A. COLLATERAL ESTOPPEL

Two of Plaintiff's constitutional challenges are barred under the doctrine of collateral estoppel. Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties. Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir. 1992) (citing 18 C. Wright et al., Federal Practice & Procedure § 4402 (1981)). Before an issue is subject to preclusion under this doctrine, (1) the issue must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been necessary to the judgment in the earlier action. Id.

In the present case, Plaintiff asserts the same constitutional claims based on the Inventions Clause and the Ninth Amendment that he did in Giuliani I. Compare Pl.'s Compl. in Giuliani I, Counts 1-14 & 15, with Pl.'s Compl. in Giuliani II, Counts 1 & 2. Plaintiff was afforded a full and fair opportunity to litigate those issues then. Resolution of those issues was critical to the district court's decision to dismiss the case. Plaintiff may not relitigate the issues now.

B. FIFTH AMENDMENT TAKING

The only claim remaining in Plaintiff's complaint is whether the patent fees constitute an unconstitutional Fifth Amendment taking. Plaintiff's argument is that the fee requirements deprive him of the right to a patent without just compensation. Defendants do not dispute that a patent right can form the basis of a takings claim. Their contention is that there is no property right to take until the PTO grants the right to a patent. Since no right to a patent vests until the inventor pays the statutory fees, there can be no taking of a patent right prior to payment of the fees. The fee requirements, Defendants argue, are a valid exercise of Congress' plenary power to prescribe the terms and conditions on which a patent will issue.

The Court agrees. No person has a vested right to a patent. McClurg v. Kingsland, 42 U.S. (1 How.) 202, 206 (1843); Boyden v.

Commissioner of Patents, 441 F.2d 1041, 1043-44 (D.C. Cir. 1971), cert. denied, 404 U.S. 842 (1971); Giuliani I, 8 U.S.P.Q.2d at 1095-96. Congress does not effect a taking where, pursuant to its plenary power, it imposes conditions on the vesting of an inchoate patent right.

## IV. CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, February 28, 2000.

Samuel P. King

SAMUEL P. KING
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 12th day of June, 2006, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system, including plaintiffs' counsel of record:

Frank A. Lukasik
1609 Golden Ridge Drive
The Villages, FL 32162

/s/ Brian A. Mizoguchi